IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2005

## JASON DWIGHT KING v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Chester County**
**No. 04-4501, 03-221     Roy B. Morgan, Jr., Judge**

---

**No. W2005-00507-CCA-R3-PC  - Filed August 18, 2005**

---

The petitioner, Jason Dwight King, pled guilty to DUI, driving on a suspended license, felony evading arrest, reckless endangerment, and reckless driving. The petitioner pled nolo contendere to theft over $1,000 and theft under $500. As a result, he received an effective sentence of two-and-a-half (2 1/2) years. The petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel. After a hearing, the post-conviction court dismissed the petition. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Richard L. Finney, Jackson, Tennessee for the appellant, Jason Dwight King.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellant was indicted in June of 2003 by the Chester County Grand Jury on charges of DUI, driving on a suspended license, felony evading arrest, reckless endangerment, reckless driving, theft over $1,000 and theft under $500. The petitioner was apparently driving a vehicle when he was approached by an officer who suspected the petitioner was driving under the influence. After he was approached by the officer, the petitioner fled in his vehicle, nearly struck another vehicle, drove through a yard, got stuck, exited the vehicle and ran into the woods.

On December 1, 2003, the petitioner pled guilty to DUI, driving on a revoked license, felony evading arrest, reckless endangerment by use of a deadly weapon, and reckless driving. The petitioner pled nolo contendere to both theft charges. As a result of the pleas, the petitioner was sentenced to an effective sentence of two-and-a-half (2 1/2) years.

Subsequently, the petitioner filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel concerning his guilty plea. The post-conviction court appointed counsel, and an amended petition was filed. A hearing was conducted on the petition.

At the hearing, the petitioner testified that trial counsel did not adequately advise him of the evidence against him. The petitioner felt that "[trial] counsel should have, you know, directed [him] in a - - in a better direction than she did, and [he] might not have took [sic] that plea bargain if [he'd] have seen [his] evidence." The petitioner claimed that he knew there was a statement from a potential witness who lived near a church and that there was also fingerprint evidence being held by the police department, but that trial counsel never followed up on the witness. The petitioner also claimed that trial counsel never gave him a copy of the discovery or the fingerprint evidence, but he later admitted on cross-examination that he had in fact seen the discovery. He also claimed that he never saw the police report; however, he stated that at some point prior to the plea hearing, the police report was read to him by someone.

The petitioner testified that he was aware that at least two (2) officers, Kevin Roder and Donnie Davis, would testify against him, but that he was not aware that Officer Ricky Hardy would testify. Further, the petitioner claimed that his trial counsel failed to interview any witnesses and never discussed possible defenses. The petitioner claimed that he asked trial counsel to file a motion for speedy trial and that she failed to do so. As a result, the petitioner claimed he had to file his own motion for speedy trial in general sessions court and in circuit court. There was never a ruling on the motion and the petitioner testified that he made the choice not to pursue the motion prior to the plea hearing.

The petitioner also stated that he did not know the facts of the case when he pled guilty. However, he admitted that he knew to what the officers would testify because the warrant was read to him at some point. The petitioner further agreed that the trial court had advised him of his rights at the guilty plea hearing and that he told the trial court at the plea hearing that he was satisfied with trial counsel's representation. The petitioner also admitted that he swore under oath to portions of his petition for post-conviction relief which were not true.

Trial counsel testified at the hearing on the post-conviction petition. At the time of the post-conviction hearing, trial counsel was an assistant public defender and had been licensed to practice law for three-and-a-half (3 1/2) years. Trial counsel had handled over fifty (50) cases prior to being appointed to represent the petitioner.

Trial counsel explained that, on the day of arraignment, the State made an offer of three (3) years as a Range I offender, even though the petitioner was classified as a Range II offender. Trial

counsel testified that she relayed the offer to the petitioner, and that he was not interested in the offer. At that time, she reviewed everything in the State's file pursuant to their "open file" policy. Trial counsel visited the petitioner at the Department of Correction and reviewed everything in the file. Trial counsel stated that the petitioner was on parole at the time of the offenses and that she explained to him that he would most likely be required to serve consecutive sentences because he was on parole at the time of the offenses.

Trial counsel testified that she explained many things to the petitioner, including the charges against him, his status as a Range II offender, and the evidence against him. Trial counsel stated that the petitioner did not identify any potential alibi witnesses. Further, trial counsel stated that although the police report listed fingerprints as a form of evidence against the petitioner, the file did not contain any fingerprint evidence. Trial counsel informed the post-conviction court that it was the petitioner's idea to plead guilty to DUI and the driving-related offenses, but to plead nolo contendere to the theft charges, because he felt the evidence was not as strong. Trial counsel thought that the petitioner completely understood the difference between a nolo contendere plea and a guilty plea. Trial counsel also felt that the petitioner never wanted the case set for trial.

At the conclusion of the hearing, the trial court dismissed the post-conviction petition, making the following findings of fact and conclusions of law:

> Of course, counsel is well aware of the burden of proof in a post-conviction matter. I reviewed what's [sic] been filed in this case and the entire record which includes the original record also. I specifically reviewed the transcript which was furnished by the court reporter regarding the guilty plea of December 1st, 2003. The Court notes that it's [sic] not been established sufficiently to grant post-conviction noting the following.

> There's been no basis here regarding the denial of a preliminary hearing in this case which would justify post-conviction being granted.

> This Defendant was actually in TDOC. I believe that I had to go do a go-get to get him back here to face these charges, him having been indicted in June of '03 and was brought back by a go-get order signed September of '03. Although he did have a Motion for Speedy Trial filed, he was pleading guilty within six months or less of his indictment after making court appearances and made more than one court appearance, and that was getting him back from TDOC. I also note that on the date he entered his plea, in reviewing Exhibit 2, the transcript, he was specifically advised of his rights which includes on Page 5 of this Exhibit 2 the Court speaking:

> "Now you understand, [petitioner], that you would have a right to proceed on with a not guilty plea, and by doing so, you would have a right to demand a jury trial and a speedy trial."

It was specifically addressed on that occasion. I went through the rest of his rights, and the Defendant acknowledged he understood those rights, and he acknowledged that he understood he was waiving those rights which specifically included a speedy trial.

As far as ineffective assistance of counsel, it appears that considering the standard required in representation, there's been no violation. Discovery was filed, conferences were had, opportunities were given, and this was thoroughly discussed with the Defendant regarding his satisfaction with counsel in open court on the date he pled guilty, and he acknowledged his satisfaction.

After reviewing the record further, it's quite clear that the Defendant was so aware of what was going on, he opted, and the judgment so indicates, to even differentiate between pleas. He entered guilty pleas to some things and nolo contendere pleas to others and was advised by the Court of the consequences of entering those pleas, and that's evidenced by Exhibit 2.

For those reasons stated, the Court notes that the petition should be dismissed.

Following the dismissal of the petition for post-conviction relief, the petitioner filed a timely notice of appeal.

Analysis

Post-Conviction Standard of Review

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). All questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79. However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

Ineffective Assistance of Counsel

-4-

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, the petitioner argues that trial counsel was ineffective because she failed to effectively communicate with the petitioner. Further, the petitioner argues that he suffered prejudice by entering into an unknowing and unintelligent guilty plea.

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), and the State standard set out in <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977). <u>State v. Pettus</u>, 986 S.W.2d 540, 542 (Tenn. 1999). In <u>Boykin</u>, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. <u>Boykin</u>, 395 U.S. at 242.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. <u>Pettus</u>, 986 S.W.2d at 542; <u>Blankenship</u>, 858 S.W.2d at 904.

The transcript from the plea hearing herein reveals that the trial court carefully and correctly informed the petitioner regarding his constitutional rights, and specifically asked if he understood that he was waiving those rights by pleading guilty. The petitioner responded in the affirmative. Further, he stated that he understood the plea agreement and the significance of the guilty plea hearing, and was entering his guilty plea voluntarily. The petitioner also acknowledged that he was satisfied with counsel's representation. Accordingly, we determine that the petitioner's guilty plea was knowing and voluntary.

The petitioner claims that trial counsel was ineffective because she failed to effectively communicate with the petitioner. Specifically, the petitioner complains that he did not understand the evidence against him and was not made aware of any "alternative courses of action he could undertake other than the plea." Further, the petitioner complains that trial counsel failed to discuss any discovery materials, including physical evidence, witness names and statements. The record does not preponderate against the finding that trial counsel was effective. Implicit in the post-conviction court's findings and conclusions was that the court accredited the testimony of trial counsel rather than that of the petitioner. As stated previously, credibility determinations are entrusted to the trial court. <u>State v. Odom</u>, 928 S.W.2d 18, 23 (Tenn. 1996). The post-conviction court accepted as true the testimony of trial counsel concerning the circumstances of the plea and the conversations leading up to that decision, including the fact that trial counsel met with the petitioner and discussed not only the discovery materials, but the plea offer and the ramifications of pleading guilty. Trial counsel testified that it was the petitioner's idea to plead guilty to the driving related offenses, but to plead nolo contendere to the theft offenses because he felt that the evidence was not as strong and that the petitioner knew the difference between a guilty plea and a nolo contendere plea because of past guilty pleas. Further, trial counsel testified that the petitioner never wanted his case set for trial. The record not only supports the determination of the post-conviction court, but the petitioner has also failed to establish that he suffered any prejudice as a result of trial counsel's representation and failed to show that there was a reasonable probability that but for trial counsel's alleged errors he would not have pleaded guilty and would have gone to trial. This issue is without merit.

<u>Conclusion</u>

-6-

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE